OPINION OF THE COURT
Roger J. Miner, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of respondent, after a hearing, denying petitioner’s application to be deemed a member of the New York State Employees’ Retirement System (system) as of June 30, 1973.
For some years, petitioner, a veterinarian, rendered services for the Department of Agriculture and Markets. Petitioner was paid by voucher for these services, which consisted of testing cattle for the Bureau of Animal Husbandry. In 1963 he became employed at Monticello Raceway by the State Racing *311 and Wagering Board as assistant supervisor of saliva and urine tests. He was paid on a per diem basis for service in that capacity and he was re-employed for the racing season each year, his employment terminating on May 1, 1975. It appears that all services rendered to the State by petitioner were performed on a part-time basis and that petitioner at all times maintained a private veterinary practice.
Petitioner became a member of the system on August 18, 1974, and in October of 1974 he filed an application, pursuant to chapter 510 of the Laws of 1974, requesting that he be deemed a member of the system as of June 30, 1973. Section 30 of that chapter provides, in pertinent part, as follows: "any person who was last employed on or before June thirtieth, nineteen hundred seventy-three by the state of New York * * * who was actually in such employment on June thirtieth, nineteen hundred seventy-three and who * * * did not become a member of * * * such system prior to July first, nineteen hundred seventy-three, may be deemed to have become a member of * * * such system on June thirtieth, nineteen hundred seventy-three, if, on or before December thirty-first, nineteen hundred seventy-four, such person shall file with the state comptroller a written request to that effect.”
Although there is no question that the petitioner was actually in the employment of the State Racing and Wagering Board on June 30, 1973, it is respondent’s contention that petitioner was not "last employed” in State service on that date within the contemplation of the statute. Respondent argues that, since petitioner was reappointed by the board on April 4, 1974, he was "last employed’ in 1974 and later.
Respondent’s interpretation of the statute must be rejected. Although lacking in clarity, the statute appears to be part of a legislative scheme designed to correct certain inequities deriving from the Pension Reform Act of 1973. (L 1973, chs 382, 383, 1046.) According to an affidavit submitted in this proceeding by one of the draftsmen of the pension reform legislation, additional legislation was enacted in 1974 to rectify certain of those inequities. Specifically, it was provided that State employees who had served prior to June 30, 1973 but who had not previously become members of the system would be permitted to join the system after that date as new members, making them eligible for retirement benefits after working for an additional five years. (L 1974, ch 510.)
According to the draftsman, who was involved in the draft *312 ing of all the legislation under discussion, it became apparent that the amendments described would be of no assistance to employees who were eligible for retirement or who were required to retire before the expiration of the five-year period commencing July 1, 1973. Accordingly, the statute in question was enacted to permit part-time employees to be deemed "old members” of the system, thereby eliminating the requirement of five subsequent years of service.
The court adopts the explanation of legislative intent provided by the draftsman, viz., that no person should be denied the status of "old member” because he continued to perform services after July 1, 1973 and that the term "last employed” does not have any limiting or disqualifying effect. The language of the statute under consideration is far from precise and extrinsic matters bearing upon the legislative intent may be considered under such circumstances. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 120.) Obviously, it is impossible for a person to be "last employed”, in the literal sense, on a date prior to June 30, 1973 and to be "actually” employed, as required by the statute, on June 30, 1973. It is proper to depart from literal construction in order to give effect to the intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 111; New York State Bankers Assoc. v Albright, 38 NY2d 430.) Moreover, a construction which would render a statute practically nugatory should not be adopted. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 144.)
The attorneys for petitioner shall submit judgment for petitioner, the judgment to provide only that respondent shall accept petitioner’s application for retirement and that petitioner be deemed a system member on June 30, 1973 under the provisions of section 30 of chapter 510 of the Laws of 1974.